IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| CURTIS DRESSMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 3:11-0336 |
| ) | |
| METROPOLITAN GOVERNMENT OF ) | Judge Nixon |
| NASHVILLE AND DAVIDSON COUNTY; ) | |
| and WILLIAM GISE, DENNIS McGILL, and ) | Magistrate Judge Griffin |
| HERBERT DURHAM, Employees of the ) | |
| Davidson County Sheriff's Office, Sued In ) | |
| their individual capacity, ) | |
| ) | |
| Defendants. ) | |

### PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT HERBERT DURHAM'S RULE 12(b)(6) MOTION TO DISMISS

MAY IT PLEASE THE COURT:

Defendant Herbert Durham's Rule 12(b)(6) Motion to Dismiss is without merit and should be denied.

### Plaintiff's Complaint

Plaintiff sued multiple defendants seeking compensation for injuries he sustained while incarcerated as a pretrial detainee and attacked by another pretrial detainee. Plaintiff alleges that Mr. Durham is liable and has violated plaintiff's civil rights under a theory of state created danger pursuant to 42 U.S.C. § 1983. Under this recognized theory, plaintiff must establish the following elements:

1) That there was an affirmative act by the state which either created or increased the risk that the plaintiff would be exposed to an act of violence by a third party;

2) The special danger to the plaintiff wherein the state's action placed the plaintiff specifically at risk is distinguished from the risk that affect the public at large;

3) The state knew or should have known that its actions specifically endangered the plaintiff.

See *Cartwright v. City of Marine City*, 336 F.3d 487, 493 (6th Cir. 2003).

Curtis Dressman was arrested and held in a holding cell for a misdemeanor violation (public intoxication).[1] Jaime Lopez, who violently resisted his arrest (¶¶14, 15) was placed in a holding cell with Mr. Dressman. Dressman and Lopez were the only pretrial detainees placed in the same holding cell. Other holding cells were vacant and most pretrial detainees walked freely in the holding area (¶ 12). Moments after Lopez is placed in the holding cell with Dressman, Lopez savagely attacks Dressman so severely that Dressman suffers many severe and permanent injuries (¶¶ 22, 55). The attack occurred when Mr. Durham stood approximately ten (10) feet away.

### Durham's Motion

Plaintiff sued Herbert Durham, a deputy who was on duty and employed by the Davidson County Sheriff's Office ("DCSO") at the time of the attack. Durham argues that the plaintiff's allegations are insufficient against him because "1) there are no allegations that he [Durham] actually knew of a risk to Mr. Dressman prior to Mr. Lopez's assault on him [Mr. Dressman]; and 2) there are no facts alleged indicating Deputy Durham disregarded the risk once he became aware of the assault." (Durham Memorandum, p. 9).[2]

---

[1] For which Mr. Dressman was never prosecuted.
[2] No other named defendant joined or filed a similar motion and answered plaintiff's Complaint.

## Applicable Standard

In reviewing the adequacy of allegations in light of a Rule 12(b)(6) motion to dismiss, the Court is to construe all allegations in the light most favorable to the pleader and all allegations are accepted as true. *Sharp v. Rainey*, 910 F. Supp. 394 (Tenn. 1996).

> "[T]he pleading will be read as a whole, and will be viewed broadly and liberally in conformity with the mandate in Rule 8(l) that pleadings must be construed 'to do substantial justice.'"

Wright & Miller, 5C FEDERAL PRACTICE AND PROCEDURE § 1363, p. 116 (2004).

> "The complaint must state a claim that is plausible on its face, i.e., the court must be able to draw a 'reasonable inference that the defendant is liable for the misconduct alleged.' *Ashcroft v. Iqbal*, __ U.S. ___, 129 S. Ct. 1937, 1949, 173 L.Ed.2d. 868 (2009). This 'plausability standard is not akin to probability requirement but it asks for more than a sheer possibility that a defendant has acted unlawfully.'"

See *Rondigo LLC v. Township of Richmond*, 641 F.3d. 673 (6th Cir. 2011).

## Argument

Plaintiff's Complaint covers 14 pages and 59 paragraphs. Foundational paragraphs at paragraphs 6 - 8 state as follows:

> "6. In the twenty-five (25) months preceding the April 25, 2010 attack on Curtis Dressman, Davidson County Sheriff's Office ("DCSO") statistics record an average 26.88 monthly inmate-on-inmates assaults (**Exhibit A**). Thus, the risk of violent assaults between inmates and/or between pretrial detainees was well known.
>
> 7. During the year 2010, the Metro Government, by and through the DCSO, had a written policy which applied only to convicted inmates and not to pretrial detainees to screen and classify inmates based upon their security risk and health condition. It also had a policy to classify inmates as special needs prisoners to be supervised by correctional officers routinely and in a timely manner.
>
> 8. The DCSO had a practice or custom of not segregating violent pretrial detainees from non-violent pretrial detainees and by not classifying intoxicated pretrial detainees as special needs prisoners subject to close supervision/observation, even though the risk to the physical safety of non-violent pretrial detainees was obvious."

At paragraph 12, plaintiff alleges the following:

"12. The holding area of the DCSO is a large room in which most pretrial detainees are walking or sitting around unrestrained either waiting to be bonded out, making phone calls, or waiting to be moved to another area. Inside the large holding area room contains a turnkey desk manned by a sheriff's deputy. The holding area room contains no less than five (5) holding cells, two (2) of which are used as bathrooms for male versus female detainees. The holding area at the DCSO is connected by a hallway that leads to the booking area for pretrial detainees who are brought into the booking area by arresting Metro police officers. The hallway connecting the holding area to the booking area contains at least two (2) additional holding cells where pretrial detainees may be segregated from other pretrial detainees."

Nonetheless, Curtis Dressman was placed in a holding cell. Not long after he was there, Jaime Lopez was placed in the same holding cell despite the fact that there were other vacant holding cells. (Complaint, ¶ 18).

At paragraph 23, Plaintiff alleges the following:

"23. At 12:59:40 a.m. roving Deputy Herbert Durham stands at the turnkey desk. Less than ten (10) feet away while the attack on Curtis Dressman was in progress, Deputy Durham does nothing to intervene or protect Curtis Dressman, and was indifferent to the attack on Curtis Dressman."

Deputy Durham argues that there is no precise allegation that Durham "actually knew" of the risk to Dressman or "disregarded" the risk once he became aware of the assault. Construing all the allegations in the light most favorable to the plaintiff and accepting it as true, the defendants had a pattern and practice of jeopardizing pretrial detainees and subjecting them to violence. Deputy Durham stood at a turnkey desk not more than ten (10) feet away from a holding cell while Mr. Dressman was being attacked and ignored or disregarded it in deliberate indifference. In paragraph 24 the plaintiff alleges that another pretrial detainee, Princess Butler, heard and saw the beating take place and alerted Deputy Durham about it. Once Deputy Durham was

aware that there was at least one other pretrial detainee who knew of the attack taking place he intervened to stop the attack.

How could another pretrial detainee walking freely in the holding area and further away from holding cell No. 2 than Deputy Durham, become aware of the attack and Deputy Durham not know what was happening? Was it because he knew about it and didn't care, or because he didn't want to know what was going on in the only holding cell that held the two pretrial detainees? Certainly, this is an issue for the jury to determine and it goes to the heart of the deliberate indifference. Plaintiff alleged sufficient facts to support the plausible state created danger theory of liability for Mr. Durham.

Many of the cases cited by the defendant in support of his motion to dismiss are either distinguishable or unpersuasive.

Defendant Durham cites *Guzman v. Sheahan*, 495 F.3d 852 (7th Cir. 2007), a case that was dismissed for improperly pled state created danger theory. First and foremost, the Court's decision in *Guzman v. Sheahan* was pursuant to a Rule 56 summary judgment in which both discovery and depositions had been taken and filed in support and opposition to the motion. Based upon the evidence submitted, the Court concluded that there was no evidence to support whether the named defendant was actually aware of the risk.

The plaintiff points out that in this case no discovery has occurred and defendant Durham's deposition has not been taken, nor has the plaintiff had an opportunity to interview defendant Durham.

Defendant cites *Jackson v. Collins,* U.S. District Court, LEXIS 74494 (N.D. Ohio, July 23, 2010) in which a Complaint was dismissed because of the failure to allege adequate facts to support a deliberate indifference standard. *Jackson v. Collins* involved

5

a *pro se* plaintiff. As the Court pointed out, the "Complaint is very brief. It includes few actual allegations." The Court goes on to point out that the plaintiff was unable to allege the factual basis upon which the variously named defendants were personally involved in this situation, nor was there any particular legal theory that was alleged.

Defendant also cites *Miami Valley Paper v. Lebbing Engineering & Consulting*, 2006 U.S. District Court, LEXIS 49590 (July 19, 2006). The Court in *Miami Valley Paper* denied the defendant's Rule 12(b)(6) motion to dismiss. In doing so, the Court cited "in practice, a Complaint . . . must contain either direct or inferential allegations respecting all of the material elements [in order] to sustain a recovery under some viable legal theory." *Car Carriers, Inc. v. Ford Motor Company*, 745 F.2d 1101, 1106 (7th Cir. 1984). The Court went on to point out that "a plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim, but when a complainer omits facts that, if they existed, will clearly dominate the case, it seems fair to assume that those facts do not exist."

Defendant Durham does not cite a single case in which the failure to plead expressly and specifically that Deputy Durham knew of the risk to which Curtis Dressman was exposed and ignored it, is a necessary element in a state created danger theory of recovery.

Taking the Complaint's allegations as a whole, the plaintiff has alleged a sufficient basis to proceed, and Defendant Durham's motion should be denied.

6
Case 3:11-cv-00336  Document 33  Filed 07/11/11  Page 6 of 8 PageID #: 166

Respectfully submitted,

LAW OFFICE OF EDDIE SCHMIDT

By: s/Edmund J. Schmidt III
    Edmund J. Schmidt III, TN Bar #021313
    1720 West End Avenue, Suite 300
    Nashville, Tennessee 37203
    Phone (615) 425-7121
    Fax (615) 425-7110
    Email eddie@eschmidtlaw.com


    Edward Lanter
    SUMME & LANTER
    3384 Madison Pike
    Ft. Wright, Kentucky 41017
    Phone (859) 331-8668
    Email sueme@fuse.net


    Joseph H. Johnston
    P.O. Box 120874
    Acklen Station
    Nashville, Tennessee 37212
    Phone (615) 383-2119
    Cell (615) 947-6363

7
Case 3:11-cv-00336   Document 33   Filed 07/11/11   Page 7 of 8 PageID #: 167

# CERTIFICATE OF SERVICE

      I hereby certify that on this the 11th day of July, 2011, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

Kevin C. Klein, Esq.
P.O. Box 196300
Nashville, TN 37219-6300
Kevin.klein@nashville.gov

Patrick Witherington, Esq.
CALLAHAN WITHERINGTON PLLC
209 10th Avenue South, Suite 506
Nashville, TN 37203
Patrick@cwfirm.com

Bob Lynch, Jr., Esq.
Washington Square, Suite 316
222 Second Avenue North
Nashville, TN 37201
Tdooley2@bellsouth.net

Cynthia S. McKenzie, Esq.
Lyndsay Smith Hyde, Esq.
MCKENZIE HYDE PLC
201 Fourth Avenue North, Suite 1130
Nashville, TN 37219
cmckenzie@mckenziehyde.com

                                      s/Edmund J. Schmidt III
                                      Edmund J. Schmidt III