IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| CURTIS DRESSMAN, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| vs. ) | No. 3:11-0336 |
| ) | |
| METROPOLITAN GOVERNMENT OF ) | Judge Nixon |
| NASHVILLE AND DAVIDSON COUNTY; ) | |
| and WILLIAM GISE, DENNIS McGILL, and ) | Magistrate Judge Griffin |
| HERBERT DURHAM, Employees of the ) | |
| Davidson County Sheriff's Office, Sued In ) | |
| their individual capacity, ) | |
| ) | |
|    Defendants. ) | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANT DENNIS McGILL'S RULE 12(b)(6) MOTION TO DISMISS**

MAY IT PLEASE THE COURT:

Defendant Dennis McGill's Rule 12(b)(6) Motion to Dismiss is without merit and should be denied.

### 1) Plaintiff's Complaint

Plaintiff sued multiple defendants seeking compensation for injuries he sustained while incarcerated as a pretrial detainee and attacked by another pretrial detainee. Plaintiff alleges that Mr. McGill is liable and has violated plaintiff's civil rights under a theory of state created danger pursuant to 42 U.S.C. § 1983. Under this recognized theory, plaintiff must establish the following elements:

1)    That there was an affirmative act by the state which either created or increased the risk that the plaintiff would be exposed to an act of violence by a third party;

2) The special danger to the plaintiff wherein the state's action placed the plaintiff specifically at risk is distinguished from the risk that affect the public at large;

3) The state knew or should have known that its actions specifically endangered the plaintiff.

See *Cartwright v. City of Marine City*, 336 F.3d 487, 493 (6th Cir. 2003).

Curtis Dressman was arrested and held in a holding cell for a misdemeanor violation (public intoxication).[1] Jaime Lopez, who violently resisted his arrest (¶¶14, 15),0 was placed in a holding cell with Mr. Dressman. Dressman and Lopez were the only pretrial detainees placed in the same holding cell. Other holding cells were vacant and most pretrial detainees walked freely in the holding area (¶ 12). Moments after Lopez is placed in the holding cell with Dressman, Lopez savagely attacks Dressman so severely that Dressman suffers many severe and permanent injuries (¶¶ 22, 55). The attack occurred when Mr. Durham stood approximately ten (10) feet away.

### 2) McGill's Motion

Plaintiff sued Dennis McGill, a deputy who was on duty as the turnkey officer and employed by the Davidson County Sheriff's Office ("DCSO") at the time of the attack. McGill argues that the plaintiff's allegations against him are essentially the same as those made against Deputy Durham, and since this Court earlier granted Deputy Durham's Rule 12(b)(6) Motion to Dismiss, the Court should similarly rule in favor of Deputy McGill's Motion to Dismiss.

---

[1] For which Mr. Dressman was never prosecuted.

### 3) Applicable Standard

A defendant may bring a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). This motion only tests whether plaintiff has pleaded a congnizable claim. *Scheid v. Fanny farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). Essentially, it allows the Court to dismiss, on the basis of a dispositive issue of law, meritless cases which would otherwise wast judicial resources and result in unnecessary discovery. See e.g., *Nietzke v. Williams*, 490 U.S. 319, 326-27 (1989).

To determine whether a motion to dismiss should be granted, the Court must examine the complaint. The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and it must provide the defendant with "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957); *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976). While a complaint need not present detailed factual allegations, to be cognizable it must provide more than "labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); see also *Schied*, 859 F.2d at 436-37. A complaint must have a factual foundation, and the mere possibility "that a plaintiff might later establish some set of undisclosed facts to support recovery" is insufficient to survive a 12(b)(6) challenge. *Twombly*, 127 S. Ct. at 1968 (internal quotation marks and brackets omitted).

In reviewing the complaint, the Court must accept as true all factual allegations in the complaint and construe them in the light most favorable to the plaintiff. *Nietzke*, 490 U.S. at 326-27 ("Rule 12(b)(6) does not countenance dismissals based on a judge's disbelief of a complaint's factual allegations."); *Windsor v. The Tennesseean*, 719 F.2d 155, 158 (6th Cir. 1983). Where there are conflicting interpretations of the facts, they must be

construed in the plaintiff's favor. *Sinay v. Lamson & Sessions Co.*, 948 F.2d 1037, 1039-40 (6th Cir. 1991). However, only well-pleaded facts must be taken as true, and the Court need not accept legal conclusions or unwarranted factual inferences. *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998). When a complaint does adequately state a claim, it may not be dismissed based on the Court's "assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Twombly*, 127 S. Ct. at 1969. *Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). Essentially, it allows the court to dismiss meritless cases which would otherwise waste judicial resources and result in unnecessary discovery. See, e.g., *Nietzke v. Williams,* 490 U.S. 319, 326-27 (1989).

The Supreme Court has held that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitled him to relief." *Conley v.Gibson*, 355 U.S. 41, 45-46 (1957); see also *Nietzke*, 490 U.S. at 326-27; *Lewis v. ACB Bus. Serv. Inc.*, 135 F.3d 389, 405 (6th Cir. 1997). Thus, the standard to be applied when evaluating a motion to dismiss for failure to state a claim is very liberal in favor of the party opposing the motion. *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976). Even if the plaintiff's chances of success are remote or unlikely, a motion to dismiss should be denied.

To determine whether a motion to dismiss should be granted, the court must first examine the complaint. The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). In reviewing the complaint, the court must accept as true all factual allegations in the complaint and construe them in the light most favorable to the plaintiff. *Windsor v. The Tennesseean*, 719 F.2d 155, 158 (6th Cir. 1983). Indeed, the facts as alleged by the plaintiff cannot be disbelieved by the court. *Nietzke*, 490 U.S. at 327; *Murphy v. Sofamore Danek Group, Inc.*,

123 F.3d 394, 400 (6th Cir. 1997). Where there are conflicting interpretations of the facts, they must be construed in the plaintiff's favor. *Sinay v. Lamson & Sessions Co.*, 948 F.2d 1037, 1039-40 (6th Cir. 1991). However, legal conclusions or unwarranted factual inferences should not be accepted as true. *Lewis*, 135 F.3d at 405-06.

> "[I]n a line of cases stretching back nearly fifty years, we have held that in dismissing for failure to state a claim under Rule 12(b)(6) 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" (internal citations omitted from *Wolf v. Petrock*, 382 Fed. Appx. 674, 677 (10th Cir. 2010).

In *Brown v. Matauszak*, 415 Fed. Appx. 608, 615-616 (6th Cir. 2011) the Sixth Circuit Court of Appeals found that a District Court had abused its discretion in denying the plaintiff an opportunity to amend the complaint in order to cure deficiencies in the complaint's allegations to sustain a Rule 12(b)(6) motion to dismiss.

### 4) Argument

### A) Plaintiff's Allegations State of Claim

Deputy McGill argues that since this Court earlier granted Deputy Durham's Rule 12(b)(6) Motion to Dismiss and since the allegations against Deputy McGill are no different than those made against Deputy Durham, that Deputy McGill should be similarly dismissed. To the contrary, plaintiff's allegations against Deputy McGill are significantly different.

This Court in granting Deputy Durham's Rule 12(b)(6) Motion pointed out that:

> "Plaintiff does not allege that the defendant took part in the booking procedures for either plaintiff or Lopez, knew that the two men were in the same holding cell together, or otherwise was present on the scene before 12:59:40 AM, at which point Lopez's attack on plaintiff had already commenced, and likely concluded . . ."

*See* this Court's 12/18/11 ruling [Doc. 35] at p. 7.

In the original Complaint, plaintiff alleges as follows:

"19.   Ten (10) feet away from holding cell No. 2 is the turnkey desk manned by Deputy Dennis McGill."[2]

. . . . .

"22.   At 12:58:46 a.m. security camera No. 14 shows Jaime Lopez swinging in a downward punching manner and continues on camera until at least 12:59:20. The only other detainee in the cell is Curtis Dressman. During all times relevant herein, Deputy Dennis McGill is stationed behind the turnkey desk ten (10) feet from holding cell No. 2 and was indifferent to the attack occurring in cell No. 2. In addition, during this time Deputy William Gise walked in and around the turnkey desk and near cell door No. 2 before leaving the holding area through an elevator door after the attack on Curtis Dressman had begun.  He was indifferent to the attack on Curtis Dressman.

23.   At 12:59:40 a.m. roving Deputy Herbert Durham stands at the turnkey desk.  Less than ten (10) feet away while the attack on Curtis Dressman was in progress, Deputy Durham does nothing to intervene or protect Curtis Dressman, and was indifferent to the attack on Curtis Dressman.

24.   At 1:03:08 pretrial detainee Princess Butler walks up to the turnkey desk and reports to Deputies McGill and Durham that she witnessed aggressive behavior and blood in cell No. 2. Deputy McGill told her that the inmate in cell No. 2 was punching on the door.  Deputy McGill did not respond.  Princess Butler told him again that she saw blood on Lopez's hands.  This second communication by Princess Butler was enough to prompt Deputies McGill and Durham to enter the cell."

Construing the plaintiff's allegations as true, McGill knew that Jaime Lopez was placed in Cell No. 2 with Curtis Dressman, and there were two other holding cells that were unoccupied. *See* Complaint, ¶ 18. McGill served as the turnkey officer.  McGill's turnkey desk was approximately ten feet away from holding cell No. 2 where Curtis Dressman and Jaime Lopez were occupied. McGill remained at the turnkey desk once Jaime Lopez began to attack Curtis Dressman.  One can reasonably infer that McGill could hear what was going on ten feet away from him in holding cell No. 2 as alleged in paragraph 24 when pretrial detainee Princess Butler alerted him of the attack, "Deputy McGill told her that the inmate in cell No. 2 was punching on the door.  Deputy McGill did not respond."

---

[2] Admitted by Defendant Deputy Dennis McGill.

At this stage of the litigation, based upon the pleadings alone, one can reasonably infer that Deputy Dennis McGill was aware that Curtis Dressman was exposed to an excessive risk, and being violently attacked, demonstrated deliberate indifference in failing to respond sooner than he did.

Taking the plaintiff's allegations as a whole, plaintiff has sufficiently alleged a basis to proceed against defendant Deputy Dennis McGill, and accordingly plaintiff asks this Court to deny the motion.

**B) Opportunity to Amend**

Furthermore, discovery has only begun and McGill has not been deposed. However, plaintiff has received information regarding the course and scope of defendant Dennis McGill's position as the turnkey officer on the evening plaintiff was attacked in the holding cell by another pretrial detainee.

Discovery to date includes the Davidson County Sheriff's Office policies and procedures regarding the operation of its criminal justice center. This includes Policy No. 2-2.105K regarding turnkey officer (copy attached). Under this policy, the turnkey officer is responsible for the incoming and outgoing of all arrested detainees and,

> ". . . will be knowledgeable of the DCSO Computerized Jail management System (JMS) ensuring that all related duties associated with the automated management of security operations, incidents, and/or offender movement is documented electronically."
>
> . . . . .
>
> ". . . the turnkey officer will ensure that the appropriate paperwork accompanies the offender, i.e., property or contraband, offender summary reports, etc.
>
> The turnkey officer will generate an automated mug shot printout of the offender, and ensure that the offender picture ID is placed on the ID board to coincide with the holding cell placement."

7

After an arrested detainee is brought to the criminal justice center, the arrested detainee's information, his personal ID and any background information will have been processed and transferred to the turnkey officer for his review pending movement to a more permanent and secure location within the criminal justice center, or is bonded out.

Under the information thus provided in discovery, the turnkey officer, and more specifically defendant Dennis McGill, should have or did know about the background and facts and circumstances regarding the arrest of Curtis Dressman and Jaime Lopez on April 24-25, 2010. McGill would have known both Dressman and Lopez were intoxicated and that Lopez violently resisted his arrest.

Accordingly, should this Court find that the allegations made by the plaintiff in the original complaint are insufficient, plaintiff asks that this Court allow plaintiff the opportunity to amend the Complaint in order to more specifically allege the basis of a claim against defendant Dennis McGill.

For all of these reasons, plaintiff requests that this Court deny the motion to dismiss, or at most grant the plaintiff an opportunity to amend his Complaint.

>Respectfully submitted,
>
>LAW OFFICE OF EDDIE SCHMIDT
>
>By: s/Edmund J. Schmidt III
>　　Edmund J. Schmidt III, TN Bar #021313
>　　1720 West End Avenue, Suite 300
>　　Nashville, Tennessee 37203
>　　Phone (615) 425-7121
>　　Fax (615) 425-7110
>　　Email eddie@eschmidtlaw.com
>
>　　Edward Lanter
>　　SUMME & LANTER
>　　3384 Madison Pike
>　　Ft. Wright, Kentucky 41017
>　　Phone (859) 331-8668
>　　Email sueme@fuse.net

Joseph H. Johnston
P.O. Box 120874
Acklen Station
Nashville, Tennessee 37212
Phone (615) 383-2119
Cell (615) 947-6363

**CERTIFICATE OF SERVICE**

    I hereby certify that on this the 19th day of January, 2012, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

| | |
|---|---|
| Kevin C. Klein, Esq.<br>P.O. Box 196300<br>Nashville, TN 37219-6300<br>Kevin.klein@nashville.gov | Bob Lynch, Jr., Esq.<br>Washington Square, Suite 316<br>222 Second Avenue North<br>Nashville, TN 37201<br>Tdooley2@bellsouth.net |
| Patrick Witherington, Esq.<br>CALLAHAN WITHERINGTON PLLC<br>209 10th Avenue South, Suite 506<br>Nashville, TN 37203<br>Patrick@cwfirm.com | |

                                            s/Edmund J. Schmidt III
                                            Edmund J. Schmidt III